## JOHN WRIGHT V. STATE

No. 28,872. March 20, 1957.
Appellant's Motion for Rehearing Overruled May 29, 1957.

*C. W. Duncan, Jr.,* and *Tom A. Carlile,* Killeen, for appellant.

*Raymond Thornton,* District Attorney, Belton, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is rape; the punishment, death.

The prosecutrix, a married woman, lived with her husband and·eleven-months-old baby girl about a mile and a half from

Temple, in Bell County. She was seven months advanced in pregnancy at the time of the offense and gave normal birth to a second daughter two months later.

On August 10, 1956, the prosecutrix had been ironing and, about 2 P.M., put her baby to bed in the bedroom and laid down on a couch in her living room and went to sleep.

When she awakened, appellant, a Negro, was standing over her with a knife in his hand.

Holding the knife at her throat, appellant prevented the prosecutrix from getting off the couch and ravished and had a complete act of intercourse with her.

Thereafter appellant followed the prosecutrix into the bedroom where she picked up her baby. He threatened to kill her and said "I will rape the baby too."

The prosecutrix, with the baby in her arms, ran out of the house screaming as appellant's attention was attracted by her dog's barking and appellant ran out the back door to his car.

The prosecutrix made immediate outcry and reported that she had been raped by a Negro who had fled in a light blue Ford.

Shortly thereafter, appellant requested help from a boy who was driving a tractor, stating that he was out of gas, and the boy pulled the light blue Ford for a short distance and thereafter appellant ran into a pasture where he was finally discovered lying on his back in some vines and leaves in a ditch near a hedgerow.

The prosecutrix positively identified appellant as the person who ravished her and appellant's finger prints were found on the window facing in the living room of the home of the prosecutrix.

The prosecutrix was immediately examined by her physician who testified that she was obviously bruised; had "a pretty good tear at the entrance of the vagina" and that the specimen of her vaginal secretions taken at the time contained live male sperm.

Appellant was examined the same day by a chemist employed by the Texas Department of Public Safety and live spermatozoa was found on the exterior portions of his penis.

30

Appellant stood mute when arraigned and the court entered his plea as not guilty.

We entertain no doubt of the sufficiency of the evidence to sustain the conviction, or of the correctness of the court's ruling in declining to instruct the jury on the law of circumstantial evidence. The evidence was direct and the testimony of the prosecutrix, alone sufficient to sustain the conviction, was fully corroborated.

It is suggested that the punishment assessed is excessive and a prejudice against appellant because he is a member of the colored race.

The punishment was for the jury and the record shows no character of racial prejudice.

There are no other claims of error and we find none which would call for reversal.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant strenuously urges, that the punishment assessed is excessive and requests that we reconsider the facts and circumstances under which the punishment was assessed in this case.

We have again carefully considered the record in the light of appellant's contention and remain convinced that the case was properly disposed of originally.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.